Paul Toscano, (UT Bar #3280)
The Law Office of Paul Toscano, P.C.
10 Exchange Place, Ste 614
Salt Lake City, UT 84111
Phone: (801) 359-1313
Email: ptoscano@expresslaw.com

*Attorney for Ralph David Brinton*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **In re:**<br><br>**RALPH DAVID BRINTON**<br><br>**Debtor** | **Case No.:  16-27945 JTM**<br><br>**Chapter: 7** |
| **JAMES WULFENSTEIN and WULFENSTEIN CONSTRUCTION, INC., ET AL**<br><br>  **v.**<br><br>**RALPH DAVID BRINTON** | **ADVERSARY PROC.  17-02041 JTM** |

## MOTION TO DISMISS FOR LACK OF JURISDICTION

Debtor/Defendant, Ralph David Brinton ("Debtor" or "Defendant"), by and through his

counsel of record, hereby files this Motion to Dismiss the above-captioned Adversary

Proceeding for lack of subject-matter jurisdiction and of personal jurisdiction, pursuant to

Federal Rules of Bankruptcy Procedures, Rule 7012, which incorporates F. R. Civ. P, This

Motion is made on  the following grounds:.

1

1. Ralph David Brinton acting *pro se* filed a Chapter 13 petition on September 8, 2016 ("the

   Petition Date"). The Plaintiffs in the above-captioned Adversary Proceeding filed a

   complaint for non-dischargeability against Ralph David Brinton on April 4, 2017.

2. On the Petition Date, the Debtor had debts in excess of the jurisdictional amounts set

   forth in 11 U.S.C. §109(e) as stated in the Chapter 13 Trustee's December 7, 2016,

   Motion to Dismiss (Docket No. 27).

3. On December 28, 2016, Wade Frey, James Wulfenstein, Wulfenstein Construction, Inc.

   (the "Wulfenstein Group") filed their Objection to the Motion to Dismiss by and through

   their attorney James Anderson of the law firm of Clyde Snow & Sessions.

4. On January 4, 2017, the hearing on the Motion to Dismiss was held before the Court.

   There appeared at the hearing Tami Willardson for the Chapter 13 Trustee and James

   Anderson of Clyde Snow & Sessions for the Wulfenstein Group. The Debtor, acting *pro

   se,* did not make an appearance. The Court accepted the allegations set forth in the

   Trustee's Motion to Dismiss, including the allegation that the Debtor's debts exceeded

   the jurisdictional limits of 11 U.S.C. §109(e). The Court also accepted without the proffer

   of evidence the representations of James Anderson, attorney for the Wulfenstein Group.

   The Court then ruled that the Chapter 13 case be converted to one under Chapter 7.

5. On January 5, 2017, the Court entered its Order converting the Chapter 13 case to one

   under Chapter 7.

6. Since January 5, 2017, the case has proceeded under Chapter 7.

LEGAL GROUNDS FOR THE MOTION TO DISMISS

7.  The above-captioned Court is the United States Bankruptcy Court for the District of

    Utah, a unit of the United States District Court for the District of Utah pursuant to 28

    U.S.C. § 151.

8.  The United States District Court for the District of Utah is a court of limited jurisdiction

    pursuant to 28 U.S.C. § 1331.

9.  The jurisdiction of the United States Bankruptcy Court for the District of Utah is further

    limited pursuant to 28 U.S.C. §157 (for the proposition that federal bankruptcy courts are

    courts of limited jurisdiction see generally *Stern v. Marshall,* 564 U.S. 462 (2011)).

10. The filing of a voluntary Chapter 13 petition under 11 U.S.C. § 303 is a core matter

    within the subject-matter jurisdiction of a bankruptcy court if and only if the voluntary

    petition is filed by a "debtor" within the meaning of 11 U.S.C. § 101(13) and § 109(e).

11. In the instant case, Ralph David Brinton was not a "debtor" within the meaning of 11

    U.S.C. § 109(e) because he was never an "individual with regular income that owes, on

    the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less

    than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200."

12. Because he was never a "debtor" within the meaning of 11 U.S.C. § 109(e), he was never

    "a person . . . concerning which a case under this title [had] been commenced" within the

    meaning of 11 U.S.C. § 101(13).

13. Consequently, there never existed a case under title 11 within the meaning of 28 U.S.C. §

    157 over which the Bankruptcy Court had subject-matter jurisdiction to invoke the

    authority of 11 U.S.C. § 1307 to issue its January 5, 2017, Order of conversion of the

    Debtor's Chapter 13 case to a case under Chapter 7.

14. The only subject-matter jurisdiction the Bankruptcy Court had was the subject-matter

jurisdiction to determine whether it had the requisite subjection-matter jurisdiction to

convert Mr. Brinton's case. In the case of *Basso v. Utah Power and Light*, 496 F2d 906,

at 909 (10th Cir. 1974), the Court held that "since the courts of the United States are

courts of limited jurisdiction, there is a presumption against its existence. City of Lawton,

Okla. v. Chapman, 257 F2d 601 (10th Cir. 1958)."

15. The *Basso* Court further held: "If the parties do not raise the question of lack of

jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*. Atlas

Life Insurance Co. v. W. I. Southern, Inc., 306 U.S. 563, 59 S. Ct. 657, 83 L. Ed. 987

(1939); Continental Mining and Milling Co. v. Migliaccio, 16 F.R.D. 217 (D.C. Utah

1954)" (*Id.*).

16.  In the case of *Pioneer Bank of Longmont v. Rasmussen (In re Rasmussen),* 888 F.2d 703,

at 705 (1989), the 10th Circuit Court of Appeals referred to the debtor's failure to meet

the debt limits of § 109(e) as jurisdictional:

> Mr. Rasmussen originally was not able to meet the jurisdictional limits of a
> Chapter 13 proceeding because his unsecured debts totaled more than $100,000 in
> contravention of 11 U.S.C. § 109(e).

17. In *Davis v. Mather et al.* 239 B.R. 573, at 577-78 (10th Cir. B.A.P., 1999), the Bankruptcy

Appellate Panel, following the 10th Circuit in *Rasmussen*,  twice referred to the debt

limits of 11 U.S.C. § 109(e) as jurisdictional:

> . . . the debtor was originally unable to meet the jurisdictional limits of a Chapter
> 13 proceeding because his unsecured debt exceeded the statutory limits.
> . . . .
>     In the prior case, the Debtor was unable to meet the jurisdictional limits of a
> Chapter 13 proceeding because his unsecured debts totaled more than $250,000,
> in contravention of § 109(e).

18. Relevant to the instant case are the three Chapter 13 cases filed by Christopher Black

    Cannon before the above-captioned Court. Cannon's first Chapter 13 case (12-26945)

    was dismissed on July 18, 2012 for failure to comply with 11 U.S.C. § 521(a)(1).

19. Cannon's second Chapter 13 case (13-24366) was dismissed by J. William Thomas

    Thurman's Order of Dismissal entered on November 7, 2013, for the reasons set forth in

    J. Thurman's Memorandum Decision of December 11, 2013, which determined that

    Cannon's debts exceeded the § 109(e) statutory limits as a result held that the case could

    be either be converted voluntarily or else dismissed:

    > Having concluded that analysis, the sole task remaining for the Court is to
    > determine the appropriate outcome for the Debtor's case. PNC requests that the
    > Debtor's case be dismissed, while the Trustee has asked this Court to dismiss the
    > case and annul the petition.  When faced with a debtor who is ineligible under §
    > 109(e), courts have, "with apparent unanimity, concluded that . . . the case should
    > be either **voluntarily** converted or dismissed." [note omitted] This conclusion is
    > based on a number of policy considerations. For example, if a court chose to
    > declare a petition void *ab initio* because the debtor exceeded the debt limits of §
    > 109(e), a debtor arguably would have no remedy against a creditor who took
    > action in violation of the automatic stay while the debtor's case was pending. In
    > addition, where a court strikes a debtor's petition rather than dismisses his case,
    > the debtor arguably could file repeatedly without becoming subject to the 30-day
    > limitation of § 362(c)(3) in a subsequent case filed within the following year.
    > Therefore, the court will dismiss Mr. Cannon's Case, but will not annul the
    > petition.

20. J. Thurman's Order and Memorandum Decision in Cannon's case number 13-24366 were

    affirmed on appeal to the United District Court for the District of Utah by the Decision

    and Final Order of Dismissal of J. Robert J. Shelby on October 23, 2014, thus creating a

    binding precedent on the instant Court in favor of dismissal or voluntary conversion.

21. Cannon's third Chapter 13 case (15-20545) was filed on January 15, 2015, and dismissed

    by this Court on April 14, 2015. Cannon appealed the dismissal to the United States

    District Court for the District of Utah, which affirmed the dismissal by a decision handed

down by J. David Sam on November 19, 2015, which referred to the debt limits of §

109(e) as jurisdictional:

> The current case is Appellant's third Chapter 13 case filed in less than three years (since May 2012). Appellant's two prior Chapter 13 cases were also dismissed by the Bankruptcy Court. The Bankruptcy Court dismissed the present Chapter 13 case, holding that Appellant exceeded the jurisdictional debt limits.

22. The Bankruptcy Court's limited subject-matter jurisdiction in the instant case is identical

to a federal District Court's limited diversity jurisdiction under 28 U.S.C. § 1332. In the

case of *Juana and Gerald Martin v. Franklin Capital Corporation and Century-National*

*Insurance Company,* 251 F.3d 1284, 1293-94 (10th Cir., 2001), the Martins sued Franklin

and Century-National in a New Mexico State Court. Invoking diversity jurisdiction,

Century removed the case to federal court with the consent of Franklin. The Martins filed

a motion for remand back to the state court for lack of subject matter jurisdiction on

grounds that the Martins' claims did not meet the $50,000 amount-in-controversy

requirement for diversity jurisdiction. The federal district court denied the Martins'

motion for remand, denied their motion for class certification, and granted Century's

motion to dismiss for failure to state a claim. This left the Martins with an individual case

against Franklin in the federal district court. In its order denying the motion to remand,

the federal district court stated that "it does not appear to a legal certainty that the

[Martins' claims] are for less than $50,000 and I conclude that they are colorable for the

purposes of conferring jurisdiction." On appeal the 10th Circuit Court held that because

the requirement of a claim in excess of $50,000 had not been met, the federal court

lacked diversity jurisdiction under 28 U.S.C. § 1332. This same analysis should apply to

subject-matter jurisdiction under 28 U.S.C. 1331, to wit: Given that Mr. Brinton's debts

6

exceeded the statutory limits for a Chapter 13 case thus rendering Mr. Brinton not a

"debtor" within the meaning of 11 U.S.C. § 109(e) and therefore not a debtor in a "case"

within the meaning of 11 U.S.C. § 101(13), the Bankruptcy Court, in the absence of the

Debtor's consent, could exercise only the limited jurisdiction to dismiss the Chapter 13

for lack of subject-matter jurisdiction or to convert the case with the Debtor's consent;

but this Court was without subject-matter jurisdiction to enter its Order converting the

case to one under Chapter 7 without the Debtor's consent.

## ARGUMENT

23. A bankruptcy case requires at minimum the existence of a court, a party, and an

   interest in controversy. Section 109(e) is jurisdictional for the reason that, absent a

   bankruptcy petitioner with debts in amounts that fall within the 109(e) limits, there is

   no debtor before the court.

24. With no debtor, there is no debtor's estate under 11 U.S.C. §541 to be administered by

   a trustee; there are no debts to be discharged, no disputed interests to be determined,

   no exemptions to be recognized and protected, no legally cognizable causes to be

   adjudicated or settled, **including the above-captioned Adversary Proceeding.**.

25. In sum, with no debtor there is no case, no subject matter over which the bankruptcy

   court can exercise its limited jurisdiction.

26. No debtor means no case means no subject matter jurisdiction.

27. A Chapter 13 petition filed by or against a debtor whose debts exceed the limits of §

   109(e) does not invoke the bankruptcy courts jurisdiction any more than a bankruptcy

   petition filed prior to the expiration periods set forth in 11 U.S.C. 727(a)(8) and (9) or

   11 U.S.C. § 1328(f)(1) and (2).

**28. Because there was never a case "arising under title 11" before the Court, there can be no case "arising in or related to a case under title 11" that would invoke the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 157(a); therefore, the above-captioned Adversary Proceeding must be dismissed for lack of subject-matter and personal jurisdiction.**

RELIEF REQUESTED

For these reasons, the Debtor respectfully requests the Court to determine that it lacked subject-matter and personal jurisdiction of the above-captioned Adversary Proceeding and to dismiss the case for lack of jurisdiction.

August 31, 2017

_____/S/_____
Paul Toscano, attorney for Ralph David Brinton

## CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)

I hereby certify that on August 31, 2017, I electronically filed the foregoing **Defendant's Motion to Dismiss for Lack of Jurisdiction** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF user and will be served through the CM/ECF system:

- James W. Anderson    jwa@clydesnow.com, jritchie@clydesnow.com

August 31, 2017

_____/S/_____
Paul Toscano, attorney for Defendant